OPINION
Defendant-appellant, Brooks C. Parks, appeals his conviction in Clermont County Municipal Court for failure to obey traffic control devices, a violation of R.C. 4511.12. Such conviction resulted in appellant being assessed a $25 fine, plus court costs. Upon review of the facts and applicable law, we reverse appellant's conviction.
On June 22, 1998, appellant was traveling through the Village of Owensville when he was observed by Officer Don Hahn, of the Owensville Police Department, turning off of East Main Street onto several side streets, marked with "Through Traffic Prohibited" signs, and then returning to East Main Street. Officer Hahn then executed a traffic stop and issued appellant a Uniform Traffic Ticket ("ticket") for violating section 72.50 of the Ordinance of the Village of Owensville, specifically entitled "Through Highways."[1] While the ticket that Officer Hahn issued to appellant had a box titled "Disobeyed Traffic Signal or Device," which could have been check marked, Officer Hahn did not check that box.
On September 1, 1998, appellant filed a motion to dismiss the charges pending against him contending that section 72.50 of the Ordinance of the Village of Owensville neither proscribed nor prohibited any conduct by a motorist operating a motor vehicle. Rather, appellant contended that section 72.50 of the Ordinance of the Village of Owensville simply authorized or enabled municipal corporations, in residential districts, to designate certain streets or highways not to be "through highways." A hearing on appellant's motion to dismiss was scheduled for September 28, 1998.
At the hearing, the prosecution moved to amend appellant's ticket to reflect a violation of R.C. 4511.12, failure to obey a traffic control device, instead of a violation of section 72.50 of the Ordinance of the Village of Owensville. Counsel for appellant objected to such amendment, but the trial court allowed the amendment, and set the matter for trial on November 18, 1998.
Prior to the commencement of appellant's bench trial, counsel for appellant renewed his former motion and also moved to dismiss the charges on the additional ground that the amendment of appellant's ticket was in violation of Crim.R. 7(D).[2]
However, the trial court again overruled appellant's motions and proceeded to trial.
At trial, the prosecution presented only one witness, Officer Hahn, who testified that he followed appellant off of East Main Street, through several side streets, and executed a traffic stop of appellant when he re-entered onto East Main Street. Several photographs of the side streets were admitted into evidence, each identifying a "Through Traffic Prohibited" sign. At the conclusion of the trial, the court found appellant guilty of violating R.C. 4511.12. Appellant now appeals, raising four assignments of error.
In his first assignment of error, appellant contends that the trial court erred in allowing the prosecution to amend the charge against him from a violation of section 72.50 of the Ordinance of the Village of Owensville, "Through Highway" to a violation of R.C. 4511.12, "Obeying Traffic Control Devices." Appellant contends that because the ticket did not actually charge appellant with a crime under Ohio law, it therefore failed to invoke the jurisdiction of the trial court. In his second assignment of error, appellant contends that the trial court erred in allowing the prosecution to amend the charge against him in violation of Crim.R. 7(D).
In opposition to these two assignments of error, the prosecution urges this court to follow State v. Munday (July 13, 1994), Wayne App. No. 2863-W, unreported. In Munday, the court of appeals, pursuant to Crim.R. 7(D), allowed a Uniform Traffic Ticket issued for a violation of R.C. 4511.31, "Hazardous Zones," to be amended to reflect a violation of R.C. 4511.12, "Obeying Traffic Control Devices." However, we find that the facts ofMunday are clearly distinguishable from the facts now before this court. Specifically, in Munday, the law enforcement officer that issued the defendant his ticket actually check marked the box titled "Disobeyed Traffic Signal or Device," and then further referenced R.C. 4511.21 on the face of the ticket. Accordingly, we do not find Munday to be persuasive.
Rather, upon review of the evidence and applicable law before us, we find appellant's contentions meritorious. We begin with the premise that the "jurisdiction of a court in a criminal case is invoked by the filing of a complaint meeting the requirements of Crim.R. 3." State v. Kinzer (Oct. 21, 1991), Butler App. No. CA90-07-124, unreported, at 4. Uniform Traffic Rule 3(A) provides that "[I]n traffic cases, the complaint * * * shall be the `Ohio Uniform Traffic Ticket' * * *." Accordingly, we find that in the instant case, the jurisdiction of the municipal court would have been properly invoked by the issuance of a valid ticket.
However, nothing in the facts before this court suggests that the ticket issued to appellant was valid. When a complaint "fails to state an offense under the laws of Ohio," such complaint is not considered valid and may not be used to form the basis of any conviction. See Kinzer at 11, citing State v. Burgen (1976),49 Ohio App.2d 112, at 119.
Our examination of section 72.50 of the Ordinance of the Village of Owensville, which as noted above is in substance identical to R.C. 4311.65, reveals that it does not prohibit or proscribe any conduct by the operator of a motor vehicle. Rather, as this court has interpreted R.C. 4511.65 in the past, the statute operates as an enabling statute which creates certain duties and responsibilities for state and local authorities to erect and maintain traffic control devices, and to designate certain highways, roads, and streets not to be "through highways." See Richarson v. Mason (Feb. 14, 1994), Warren App. No. CA93-10-080, unreported.
Because appellant's ticket failed to charge him with a criminal offense under the laws of Ohio, we find that it was invalid. It therefore follows that the ticket failed to properly invoke the trial court's jurisdiction. Accordingly, the trial court did not have jurisdiction to allow the prosecutor to amend the charge against appellant from a violation of section 72.50 of the Ordinance of the Village of Owensville, to a violation of R.C.4511.12. Appellant's first and second assignments of error have merit, and therefore are sustained.
By sustaining appellant's first and second assignments of error, we render appellant's third and fourth assignments of error[3] moot. Accordingly, we shall not address appellant's contentions contained therein. The judgment of the trial court is reversed, and the charges against appellant are hereby dismissed.
POWELL, P.J., and WALSH, J., concur.
[1] Section 72.50 of the Ordinance of Owensville is in substance identical to R.C. 4511.65, which provides:
 All state routes are hereby designated as through highways, provided that stop signs, yield signs, or traffic control signals shall be erected at all intersections with such through highways by the department of transportation as to highways under its jurisdiction and by local authorities as to highways under their jurisdiction, except as otherwise provided by this section. Where two or more state routes that are through highways intersect and no traffic control signal is in operation, stop signs or yield signs shall be erected at one or more entrances thereto by the department, except as otherwise provided in this section.
 Whenever the director of transportation determines on the basis of an engineering and traffic investigation that stop signs are necessary to stop traffic on a through highway for safe and efficient operation, nothing in this section shall be construed to prevent such installations. When circumstances warrant, the director also may omit stop signs on roadways intersecting through highways under his jurisdiction. Before the director either installs or removes a stop sign under this division, he shall give notice, in writing, of that proposed action to the affected local authority at least 30 days before installing or removing the stop sign.
 (B) Other street or highways, or portions thereof, are hereby designated as through highways if they are within the municipal corporation, if they have a continuous length of more than one mile between the limits of the street or highway or portion thereof, and if they have "stop" or "yield" signs or traffic control signals at the entrances of the majority of intersecting streets or highways. For purposes of this section, the limits of the street or highway or portion thereof shall be the municipal corporation line, the physical terminus of the street or highway, or any point on the street or highway at which vehicular traffic thereon is required by regulatory signs to stop or yield to traffic on the intersecting street, provided that in residence districts a municipal corporation may by ordinance designate said street or highway, or portion thereof, not to be a through highway and thereafter the affected residence district shall be indicated by official traffic control devices. Where two or more through highways designated under this division intersect and no traffic control signal is in operation, stop signs or yield signs shall be erected at one or more entrances thereto by the department or by local authorities having jurisdiction, except as otherwise provided in this section.
 (C) The department or local authorities having jurisdiction need not erect stop signs at intersections they find to be so constructed as to permit traffic to safely enter a through highway without coming to a stop. Signs shall be erected at such intersections indicating that the operator of a vehicle shall yield the right-of-way to or merge with all traffic proceeding on the through highway.
 (D) Local authorities, with reference to highways under their jurisdiction may designate additional through highways and shall erect stop signs, yield signs, or traffic control signals at all streets and highways intersecting such through highways, or may designate any intersection as a stop or yield intersection.
[2] Crim.R. 7(D) provides in part: The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided that no change is made in the name or identity of the crime charged.
[3] Appellant's third assignment of error contended that the charge herein violated his constitutional right to drive upon public streets and roads in the state of Ohio, while his fourth assignment of error attacked the weight of the evidence supporting his conviction.